Bernard GOLDFINE et al., Appellants,

v.

Fred G. PASTORE, Group Supervisor, Intelligence Division, Internal Revenue Service, Appellee.

No. 5439.

United States Court of Appeals First Circuit.

Dec. 8, 1958.

**520**

Burton L. Williams, Boston, Mass., James R. McGowan, Providence, R. I., and James W. Kelleher, Boston, Mass., on motion and memorandum of appellants.

. Anthony Julian, U. S. Atty., and Andrew A. Caffrey and George H. Lewald, Asst. U. S. Attys., Boston, Mass., on memorandum of appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Appellants have filed a notice of appeal from an "interim order" by the United States District Court for the District of Massachusetts directing them to turn over certain records to the Internal Revenue Service to assist the government in making an audit of the tax liabilities of certain corporations whose records are in the control of Bernard Goldfine or Mildred Paperman.

The proceeding before the district court was initiated by the filing on behalf of the Internal Revenue Service of a petition for enforcement of an internal revenue summons, pursuant to the provisions of §§ 7402(b) and 7604 of the Internal Revenue Code of 1954, 26 U.S.

C.A. §§ 7402(b), 7604. See Brody v. United States, 1 Cir., 1957, 243 F.2d 378, certiorari denied, 1957, 354 U.S. 923, 77 S.Ct. 1384, 1 L.Ed.2d 1438.

The district court at the initial stages of the proceeding elected not to issue a turn-over direction in the breadth requested by the government. Instead it chose to exclude from its order the records relating to all tax years with respect to which there were any contentions made by the respondents that the taxing authorities had already completed an audit (the documents in question had been in their previous possession) whether or not the United States at this time admitted that such a prior audit had been made. The district court also chose to exclude from its enforcement order the records relating to any tax year with respect to which respondents had made the contention that the statute of limitations would apply (unless fraud were found). In addition, it is to be noted that although the petition for enforcement of the internal revenue summons broadly requested an order for the turn-over of "stock certificate book" and other unspecified documents of each corporation, the district court elected to strike out these requests from the order which it entered.

The district court expressly reserved jurisdiction of the proceeding, stating that it proposed to issue "an interim order, for immediate compliance, and leave other aspects of the matter to await further testimony."

As thus limited, the "interim order" of the court directed respondents to produce the records on or before today, Monday, December 8. The district court also denied an application for a stay of its order pending appeal. Respondents, having filed a notice of appeal from the aforesaid interim order, have filed an application to this court for an order staying the execution of the interim order.

Upon consideration of this application for a stay, together with the memorandum by appellants in support thereof, and upon consideration of the govern-

ment's memorandum in opposition to the application for a stay of the order, and the court of appeals being clearly of opinion that the interim order is a type of interlocutory order not appealable to this court pursuant to 28 U.S.C. § 1292, and the district court having failed to file a certificate pursuant to the amendment to 28 U.S.C. § 1292 by the Act of September 2, 1958 (72 Stat. 1770), to the effect that it is of the opinion that such interim order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,"

An order will be entered denying appellants' application for stay of the District Court's order.