**Egon D. AREND and Mela K. Arend, Plaintiffs,**

v.

**Perry A. DE MASTERS, Internal Revenue Agent, Internal Revenue Service, R. C. Granquist, District Director of Internal Revenue, Russell Harrington, Commissioner of Internal Revenue and the United States National Bank of Portland (Oregon), Defendants.**

**Civ. No. 9940.**

United States District Court
D. Oregon.
Jan. 18, 1960.

Garthe Brown and Morris J. Galen, Jacob, Jones & Brown, Portland, Or., for plaintiffs.

C. E. Luckey and Edward J. Georgeff, U. S. Atty. and Asst. U. S. Atty., Portland, Or., for defendants.

EAST, District Judge.

The plaintiff taxpayers were investigated by the agents of the Internal Revenue Commissioner (Commissioner) and cleared as to certain years in question. Now, after the statute of limitations has run as to years 1940 through 1955, the Commissioner is attempting to again investigate the same. On August 14, 1958, the Commissioner caused a summons to be served upon the defendant The United States National Bank of Portland (Ore-

gon) (Bank), directing the Bank to furnish to the defendant DeMasters for his use in such investigation all of the records pertaining to the deposits, withdrawal, and transfer of funds in all savings and commercial accounts and all records pertaining to the financial, loan, and investment activity of plaintiffs and each of them, of plaintiffs' children, Richard and Inez Arend, and of Arend Shoe Company, a sole proprietorship owned by plaintiff Egon D. Arend. The taxpayers are advised that the Bank feels itself obliged to comply with this summons.

The taxpayers brought this action to have the Commissioner and his agents enjoined from further prosecution of the investigation, the said summons quashed, and said Bank in turn prevented from surrendering or otherwise granting access to the summonsed records to the Commissioner or his agents.

The Commissioner and his agents ask for a summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ That the summary judgment is not to issue if there is the slightest doubt of an issue or question of fact to be determined is elemental law and need not be here supported by the many cases which determined this point. See 6 Moore's Federal Practice, § 56.15.

In the instant case the taxpayers allege violation of their constitutional rights under the Fourth Amendment of the Constitution of the United States, and that, therefore, the defendants are acting in excess of the authority granted to such agents by 26 U.S.C.A. § 7602, as restricted by 26 U.S.C.A. § 7605(b). And, further, that the years in question are outside the limitations set by the statute for reassessment of taxes.

Taxpayers contend that 26 U.S.C.A. § 7605(b), providing:

"Restrictions on examination of taxpayer.—No taxpayer shall be subjected to unnecessary examination or investigations, and only one

inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is ncessary."—

✸ prevents the defendants from re-examining the papers or transactions of the plaintiffs during this period. Further, that the requirements of § 7605(b) were not met in notifying taxpayers that these years were to be audited again.

As pointed out, the years in question are outside the period of limitations against a reassessment of taxes. In an attempt to fall within an exception of the statute of limitations, the affidavit of the defendant DeMasters raises an apparent contention and imparts to the taxpayers fraud on their part against the Government in connection with the preparation and filing of their tax returns for the years in question. The taxpayers in turn refute this contention and intimate, if not assert, that the requested inspection of the Bank's records is arbitrary and a harassment to the taxpayers, bringing absolutely unnecessary and extreme hardship.

Thus, it clearly appears that issues and questions of fact are raised in this controversy.

The only issue of law on which the case could be settled, without determination of the factual situation and issues raised, would be whether or not the Court has the jurisdiction to enjoin the Commissioner and his agents to prevent certain conduct on their part which is arbitrary or in excess of their authority, or whether or not the Code itself prevents such investigation.

■ Although the Courts are hesitant to interfere with other branches of the Government, still it is horn-book law that the courts can prevent unconstitutional and arbitrary harassment of citizens by agents of the administrative agencies, or prevent such agents, from acting in excess of their authority as established by law, and the agents of the Bureau of Internal Revenue are no exception. See 28 Am.Jur., Injunctions, §§ 176–181.

Title 28 U.S.C.A. § 1340 provides:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court."

■ Although most of the cases which come before the courts are those wherein there is a refusal to comply with a summons to produce records, either the taxpayers or a third party who has records concerning the taxpayer's business, still there is nothing to prevent the taxpayer from taking the initiative and preventing the Commissioner from investigating, especially when the third party notifies the taxpayer that it will comply with the order issued by the defendants to produce records concerning the taxpayer's banking business. The situation does arise by reason of the use of the revenue statute on the part of the defendants, and, hence, this is a " * * * civil action arising under * * * [an] Act of Congress providing for internal revenue * * *." and as such is within the jurisdiction of the Court.

The question of granting an injunction in the instant case is unusual, but it is not entirely novel, as it was raised in Zimmermann v. Wilson, 3 Cir., 1936, 81 F.2d 847, and in none of the subsequent proceedings of that cause, D.C.E.D.Pa. 1938, 25 F.Supp. 75 and 3 Cir., 1939, 105 F.2d 583, was the decision based upon the determination that the injunction could not issue because the Court was without jurisdiction to give such relief to prevent the search of the third party's books.

The first Zimmermann v. Wilson case, supra, establishes that the information contained in the third party's books concerning the taxpayer is a "property right of the taxpayer" that the Court will protect, and this concept is not disturbed by

the decisions in the subsequent hearings on the same cause, although the holding of the initial case is weakened by the later decisions and the dicta contained therein.

The better-reasoned cases require that the Commissioner show that there is some reasonable suspicion or probable cause to believe fraud exists prior to the court directing compliance with a summons issued by the Commissioner or his agents, or to show that there is some justifiable reason for such investigation when there has been an audit and adjustment already. Martin v. Chandis Securities Co., 9 Cir., 1942, 128 F.2d 731; O'Conner v. O'Connell, 1 Cir., 1958, 253 F.2d 365; First National Bank of Mobile v. United States, 5 Cir., 1947, 160 F.2d 532; Corbin Deposit Bank of Corbin v. United States, 6 Cir., 1957, 244 F.2d 177.

The case cited by the defendants, Hubner v. Tucker, 9 Cir., 1957, 245 F.2d 35 does not seem to apply in this situation because there it was a third party whose records concerning the taxpayer under investigation were summonsed who was complaining and would not comply with the summons. The third party did not have any proper interest in the outcome of the investigation, and in that case Judge Fee stated:

"As to the first question, the learned trial judge was correct in holding that § 7605(b) did not apply here. It was held that the 'taxpayer' referred to in that section is the one whose return is under investigation. The showing made by the Special Agent expressly disclaimed any intention of re-examining the papers in reference to any tax liability of Evelyn Hubner. But this very representation of the Internal Revenue Service places her in the category of third persons not connected with the investigation. Such persons have rights of their own." 245 F.2d at pages 38–39.

In the instant case the situation is one where the complaining party is not the third person, but the taxpayer under investigation, hence the section of the Internal Revenue Code appears applicable.

■■ Therefore, from the above, it would seem that an injunction could issue from this Court upon a determination that certain factual conditions did exist. The only proof or indication of fraud on the part of the plaintiffs in the record at the present time is the affidavit of the defendant DeMasters, and this is not sufficient, alone, to show that there is a probable cause to believe that fraud was practiced by the taxpayers. There should be sufficient evidence to show that such a belief is reasonable on the part of the defendants and not just conclusions made by them.

If there is arbitrary action on the part of the defendants, the injunction should issue to protect the plaintiffs from unreasonable and irreparable damage; however, if there is reasonable grounds to suspect fraud on the part of the taxpayers, the defendants should have the opportunity to discover such fraud during the years involved.

It would appear that the defendants' motion for summary judgment should be denied in this instance. Counsel for the taxpayers is requested to submit appropriate order.