291 F.2d 487
 Application of Edward E. COLTON and Lillian Kaltman, Appellants,
To Quash a Summons to Appear to Testify and to Produce Books, etc., relating to the Tax Liability of Herbert Matter and Mercedes Matter.
Internal Revenue Service of the United States Treasury Department, Appellee.
 Docket 26939.
 United States Court of Appeals Second Circuit.
 Argued June 5, 1961.
 Decided June 21, 1961.
 
 Corcoran, Kostelanetz, Gladstone & Lowell, New York City, for appellants, Boris Kostelanetz and Jules Ritholz, New York City, George G. Gallantz, New York City, of counsel.
 Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for appellee, Morton L. Ginsberg, Asst. U. S. Atty., New York City, of counsel.
 Before LUMBARD, Chief Judge, and GOODRICH* and FRIENDLY, Circuit Judges.
 FRIENDLY, Circuit Judge.
 
 
 1
 Edward E. Colton and Lillian Kaltman, members of the bar of the State of New York, obtained an order, in the District Court for the Southern District of New York, requiring the Internal Revenue Service to show cause why two summons dated July 29, 1960, requiring them to appear before a special agent to give testimony and produce "Retained copies of income tax returns, workpapers, correspondence file, memoranda and all other data relating to the preparation and the filing of Federal Income Tax Returns for or on the behalf of" their clients, Herbert and Mercedes Matter, from 1951 through 1958, should not be quashed or modified. There were several adjournments, during which movants appeared before the special agent without prejudice to their pending motion, and gave such testimony, relatively small in scope, as they considered not to violate the attorney-client privilege. On February 28, 1961, Judge Dawson denied the motion to quash or modify and vacated the stay previously issued. Colton was then served with another summons. On March 24, 1961, he appeared before the agent and again raised the attorney-client privilege. At the same time, an appeal from Judge Dawson's order of denial was taken to this Court. The Internal Revenue Service moves to dismiss the appeal for lack of appellate jurisdiction and mootness; it also challenges the jurisdiction of the District Court.
 
 
 2
 Section 7602(2) of the Internal Revenue Code of 1954 authorizes the Secretary of the Treasury or his delegate to summon either the person liable for tax or anyone else to appear at a time and place named in the summons and "to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material" to any pending inquiry as to non-compliance with the tax laws. Section 7603, 26 U.S.C.A. § 7603, tells how such a summons shall be served. Section 7604 (a), 26 U.S.C.A. § 7604(a), endows the United States district court for the district in which any person summoned resides or is found with "jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data." Section 7604(b) provides that when any person so summoned "neglects or refuses to obey such summons, or to produce such books, papers, records, or other data, or to give testimony, as required, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for contempt"; after hearing, the judge or the commissioner "shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to * * * the summons and to punish such person for his default or disobedience." Finally, Section 7210, 26 U.S.C.A. § 7210, provides that any person who, being duly summoned "as required under sections * * 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records, memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution."
 
 
 3
 These statutes appear to be much more drastic than the usual provisions as to subpoenas by administrative agencies. As we read them, resort by the Government to the district court under § 7604 (a), 26 U.S.C.A. § 7604(a), is permissive only; this is in no way a condition to any other action. It is not entirely clear whether, under § 7604(b), the judge or the commissioner might, if he so chose, punish for contempt without giving the witness an opportunity to answer or, as was intimated in Brody v. United States, 1 Cir., 1957, 243 F.2d 378, 381, certiorari denied 1957, 354 U.S. 923, 77 S.Ct. 1384, 1 L.Ed.2d 1438, the proceeding is only one "to obtain the assistance of the court in forcing [the witness] to give the desired information to the Internal Revenue Service by the device of having the court issue an order to that effect, disobedience of which would be a contempt punishable by the court." In any event it is plain that the criminal penalty of § 7210 is not contingent upon prior action under either § 7604(a) or § 7604(b); that is what the words say and we so applied them in United States v. Becker, 2 Cir., 1958, 259 F.2d 869, certiorari denied 1959, 358 U.S. 929, 79 S.Ct. 317, 3 L.Ed. 2d 303, as the record in that case shows, see also Chief Judge Magruder's statement in Brody v. United States, supra.
 
 
 4
 Neither the Internal Revenue Code nor any other statute contains specific provision for a motion by a person receiving a summons under § 7602, 26 U.S.C.A. § 7602, to vacate or modify it. Petitioners have cited a number of instances where motions to that end have been entertained in this Circuit, apparently without objection from the Government, some of which have reached this Court: International Commodities Corp. v. Internal Revenue Service, 2 Cir., 1955, 224 F.2d 882; First National City Bank of New York v. Internal Revenue Service, 2 Cir., 1959, 271 F.2d 616, certiorari denied 1960, 361 U.S. 948, 80 S.Ct. 402, 4 L.Ed. 2d 381; Application of Daniels, D.C.S.D. N.Y.1956, 140 F.Supp. 322; Application of Burr, D.C.S.D.N.Y.1959, 171 F.Supp. 448. Despite this the Service now says that the District Court lacks jurisdiction over such a motion, which the Service claims to be a suit against the Government without its consent; appellants, sustaining jurisdiction under 28 U.S.C. § 1340, and relying on Arend v. DeMasters, D.C.D.Or.1960, 181 F.Supp. 761, suggest we postpone determination of that issue to the argument of the appeal. We think the question so closely related to that of our appellate jurisdiction that we had best decide it now.
 
 
 5
 If the statutory scheme were like that for enforcement of subpoenas of such agencies as the Interstate Commerce Commission, 49 U.S.C.A. § 12, or the Civil Aeronautics Board, 49 U.S.C.A. § 1484, there would be merit in the Government's position that courts ought not intervene at so early a stage; since disobedience to a subpoena under those statutes has no penal consequences until a judge has ordered its enforcement, there is no occasion for any preliminary resort to the courts. Here, however, at least the criminal penalty of § 7210 is incurred by disobedience, and it is not altogether plain that a contempt citation under § 7604(b) may not be. Under such circumstances the principle of Ex parte Young, 1908, 209 U.S. 123, 147, 28 S.Ct. 441, 52 L.Ed. 714 and Oklahoma Operating Co. v. Love, 1920, 252 U.S. 331, 336-337, 40 S.Ct. 338, 64 L.Ed. 596, comes into play; we see no reason why that principle should not be applicable to a summons, disobedience of which carries criminal penalties. We note that the dismissal of the bill in F. T. C. v. Claire Furnace Co., 1927, 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978, was for supposed lack of equity rather than because of sovereign immunity, and that the Supreme Court, more recently, has expressly declined to rule that reporting orders under § 6 of the Federal Trade Commission Act, 15 U.S.C.A. § 46, are "exempt from judicial examination," United States v. Morton Salt Co., 1950, 338 U.S. 632, 654, 70 S.Ct. 357, 370, 94 L.Ed. 401, although no method for such examination save a suit against government officers would seem available. See United States v. St. Regis Paper Co., 2 Cir., 1960, 285 F.2d 607, 615-616, certiorari granted 1961, 365 U.S. 857, 81 S.Ct. 825, 5 L.Ed.2d 822. We are not unmindful of the potentialities of delay inherent in such an extra round — potentialities sufficiently serious without one, as illustrated, for example, by Penfield Co. of Cal. v. S. E. C., 1947, 330 U.S. 585, 67 S.Ct. 918, 91 L.Ed. 1117; but the Government seems to be a victim of its own Draconianism. We hold the District Court had jurisdiction of the motion and thus reach the question of our appellate jurisdiction to review its denial.
 
 
 6
 In support of its contention that the order denying the motion to quash or modify the summons was interlocutory and not appealable, appellee places primary reliance on Cobbledick v. United States, 1940, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783, which held that an order denying a motion to quash a subpoena duces tecum to appear before a grand jury was not a final judgment within the predecessor of 28 U.S.C. § 1291. However, the Supreme Court there reaffirmed I. C. C. v. Brimson, 1894, 154 U.S. 447, 14 S.Ct. 1125, 38 L.Ed. 1047, Harriman v. I. C. C., 1908, 211 U.S. 407, 29 S.Ct. 115, 53 L.Ed. 253, and Ellis v. I. C. C., 1911, 237 U.S. 434, 35 S.Ct. 645, 59 L.Ed. 1036, upholding the appealability of orders of district courts directing witnesses to answer in proceedings to compel testimony under § 12 of the Interstate Commerce Act,[1] and distinguished those decisions both from the case before it and from Alexander v. United States, 1908, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686, which had held that an order requiring a witness, not a party, to appear in a pending action was not final and appealable, on the ground, 309 U.S. at page 330, 60 S.Ct. at page 543, that "The doctrine of finality is a phase of the distribution of authority within the judicial hierarchy. But a proceeding like that under § 12 of the Interstate Commerce Act may be deemed self-contained, so far as the judiciary is concerned — as much so as an independent suit in equity in which appeal will lie from an injunction without the necessity of waiting for disobedience." Applying that distinction, we have held that an order under § 7404(a), 26 U.S. C.A. § 7404(a), directing a person to testify is final and appealable, under 28 U. S.C. § 1291, In re Albert Lindley Lee Memorial Hospital, 2 Cir., 1953, 209 F. 2d 122, certiorari denied sub nom. Cincotta v. United States, 1954, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104, following Falsone v. United States, 5 Cir., 1953, 205 F.2d 734, certiorari denied 1953, 346 U.S. 864, 74 S.Ct. 103, 98 L. Ed. 375, accord, O'Connor v. O'Connell, 1 Cir., 1958, 253 F.2d 365, thereby necessarily joining the Fifth Circuit in its expressed disagreement with Jarecki v. Whetstone, 7 Cir., 1951, 192 F.2d 121, which the Government nevertheless urges upon us here. See First National Bank of Mobile, Ala. v. United States, 1925, 267 U.S. 576, 45 S.Ct. 231, 69 L. Ed. 796. However, that does not completely settle that an order denying relief in a proceeding instituted by the witness is similarly final and appealable. We held that it was in International Commodities Corp. v. Internal Revenue Service, 2 Cir., 1955, 224 F.2d 882. Cf. Goldfine v. Pastore, 1 Cir., 1958, 261 F.2d 519. Also in In re National Public Utility Investing Corp., 2 Cir., 1935, 79 F.2d 302; United States v. United Distillers Products Corp., 2 Cir., 1946, 156 F.2d 872; Norda Essential Oil & Chemical Co. v. United States, 2 Cir., 1956, 230 F.2d 764, certiorari denied 1956, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484; and Application of United States, 2 Cir., 1957, 246 F.2d 762, certiorari denied Carroll v. United States, 1957, 355 U.S. 857, 78 S. Ct. 85, 2 L.Ed.2d 64, we entertained appeals from denials of motions to vacate orders which the Government had obtained ex parte under § 7604(a). In First National City Bank of New York v. Internal Revenue Service, 2 Cir., 1959, 271 F.2d 616, certiorari denied 1960, 361 U.S. 948, 80 S.Ct. 402, 4 L.Ed.2d 381, we took jurisdiction over an appeal by the Service from an order granting a witness' motion to modify a summons in such a proceeding. The Government now contends, however, that a subsequent unreported memorandum decision, dated March 31, 1960, in that same proceeding, dismissing an appeal by the bank, is contrary to the International Commodities decision and must be deemed to have overruled it.
 
 
 7
 We think the International Commodities decision was right and should be followed. The purpose of a motion to modify or vacate the summons is to obtain an advance judicial determination of the validity of the summons and thereby obviate the unpleasant consequences which § 7210 and perhaps § 7604(b) visit upon disobedience. What is called the denial of a motion is, therefore, in effect the dismissal of a complaint. Cf. Perlman v. United States, 1918, 247 U.S. 7, 38 S.Ct. 417, 62 L.Ed. 950; Essgee Co. of China v. United States, 1923, 262 U.S. 151, 43 S.Ct. 514, 67 L.Ed. 917; Go-Bart Importing Co. v. United States, 1931, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374; Russo v. United States, 2 Cir., 1957, 241 F.2d 285, certiorari denied 1957, 355 U.S. 816, 78 S.Ct. 18, 2 L.Ed.2d 33, and contrast Cogen v. United States, 1929, 278 U.S. 221, 49 S.Ct. 118, 73 L.Ed. 275. The memorandum decision in the later First National City Bank case, relied on by the Government, is entirely reconcilable with this view. The appeal there was from the denial of a second motion to vacate the summons, made by the bank after remand, wherein it proposed to supply the deficiencies in its proof of violation of Panamanian law which had led this Court, on the first appeal, to reverse the District Court's modification of the summons "with a direction to reinstate the subpoena as it originally issued and in the event of non-compliance to explore in contempt proceedings under 26 U.S.C. § 7604 the ability of the Bank to comply without subjecting its personnel to criminal sanctions under Panamanian law," 271 F.2d at page 620. The District Court held the attempted second bite at the cherry by a further motion to be inconsistent with our mandate. We read the memorandum decision's statement that "there has not as yet been a final order below from which an appeal may be taken" as meaning that under the particular circumstances of that case there would be no appealable order until the path marked out by this Court's mandate had been followed to the end; we do not believe the panel meant to overrule, without discussion, the Court's explicit decision in International Commodities, which had not even been cited to it.
 
 
 8
 There is no merit to the Government's claim that the appeal is moot, at least as to appellant Colton. There has been no disclaimer by the Service of its intention to require Colton to appear and produce books and records which he considers himself forbidden to do by the attorney-client privilege. The Government cannot render a case of this sort moot simply by substituting a new summons for an old one. Yarnell v. Hillsborough Packing Co., 5 Cir., 1934, 70 F.2d 435, 438, 92 A.L.R. 1475.
 
 
 9
 Motion to dismiss appeal denied.
 
 
 
 Notes:
 
 
 *
 Of the Third Circuit, sitting by designation
 
 
 [1]
 The Harriman case included a cross-appeal by the Commission from a denial of an order as to two questions