**Samuel REISMAN et al., Appellants,**

v.

**Mortimer M. CAPLIN et al., Appellees.**

**No. 16690.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1962.

Decided Feb. 7, 1963.

Certiorari Granted June 17, 1963.

See 83 S.Ct. 1873.

---

5. It would not seem too much to expect that officers engaged in executing a search warrant take some note of the time when notice is given and the time when a break-in occurs. This can easily be done with an ordinary watch.

**124**

Messrs. Hans A. Nathan and Warren E. Magee, Washington, D. C., for appellants.

Mr. Richard M. Roberts, Attorney, Department of Justice, for appellee Caplin. Asst. Atty. Gen. Louis F. Oberdorfer, Messrs. Lee A. Jackson and Joseph M. Howard, Attorneys, Department of Justice, were on the brief for appellee Caplin. Mr. David C. Acheson, U. S. Atty., also entered an appearance for appellee Caplin.

Robert S. MacClure and Edward H. Harney, Co-partners, and all other Co-partners of Robert S. MacClure, as a class, d/b/a Peat, Marwick, Mitchell & Co. (a co-partnership) filed a brief pro se.

Before Mr. Justice BURTON, retired,* and FAHY and BURGER, Circuit Judges.

FAHY, Circuit Judge.

This appeal is from an order of the District Court dismissing a complaint for a declaratory judgment and injunction against Mortimer M. Caplin, who is the Commissioner of Internal Revenue, and others, and denying plaintiffs' motion for a preliminary injunction. The plaintiffs are attorneys. They set forth in their complaint that they represent certain persons, (a man and his wife), to whom we shall refer as the taxpayers, in controversies of a substantial character which are pending in regard to income tax liabilities to the United States. As such attorneys, they further allege, they employed the services of a firm of expert accountants, Peat, Marwick, Mitchell and Company, particularly defendants MacClure and Harney of the firm, to assist in the preparation for trial of cases pending in the Tax Court against taxpayers, and also to enable plaintiffs better to advise taxpayers in connection with a criminal investigation the defendant Commissioner was threatening to institute. The Tax Court cases were set for October 1961. On June 30, 1961, the Commissioner caused to be served on the accountants at their offices in both Chicago and New York summonses issued by him under the purported authority of § 7602 of the Internal Revenue Code of 1954. The summonses call upon the accountants to give testimony relating to the tax liability of the husband taxpayer and/or certain businesses and to bring with them all books, documents and records in the custody or control of Peat, Marwick, Mitchell and Company which pertained to the taxpayer and other named entities.

Plaintiffs allege that the accountants advised them they would produce the requested documents, located in Chicago, New York or Los Angeles, so as not to risk contempt proceedings for failure to do so. Plaintiffs further allege that to avoid premature disclosure of their defense strategy, reflected in the documents, with loss of ability effectively to assist taxpayers as counsel if their work product were prematurely disclosed to their opponents, they filed the complaint, joining the accountants as defendants.

The essence of the complaint is that the summonses called for the production of privileged matter, including the work product of counsel, and were not issued

---

* Sitting by designation pursuant to Sec. 294(a) Title 28, U.S.Code.

for the purpose of assessing taxes or of ascertaining the correctness of any return, but to obtain evidence for use in pending tax cases or to prosecute taxpayers criminally.

Plaintiffs moved for a temporary restraining order to prevent the Commissioner from attempting to enforce the summonses directed to the accountants and to restrain the latter from turning over to the Commissioner any of the papers in their possession. The restraining order was issued. Motion for preliminary injunction was also made. The Commissioner opposed this and moved for dismissal of the complaint. The defendants Harney and MacClure, as representatives of the accounting firm, answered, admitting the essential allegations of the complaint and joining in its prayers for relief, which included a prayer that the summonses be quashed.

On the basis of the complaint, an affidavit of one of the plaintiffs in support of the motion for temporary restraining order and preliminary injunction, the answer of defendant accountants, and plaintiffs' answer to interrogatories, the District Court, after hearing argument, granted defendant Caplin's motion to dismiss, entering findings of fact and conclusions of law.[1] The court rejected plaintiffs' contentions that the corporate books, documents and records sought by the summonses constituted the work product of plaintiffs, holding that the work papers and audit reports prepared by the accounting firm were the work product of the accountants and not of plaintiffs. The court also held that the original books, documents, records, work papers and audit reports prepared by the accountants and listed in the summonses were not within the attorney-client privilege.

We think the complaint was properly dismissed, but for a different reason, namely, that it is not within the court's jurisdiction because it is in sub-

stance a suit against the United States to which it has not consented. In terms, as well as actually, it is against the Commissioner in his official capacity, seeking to bind him in that capacity, as well as his successors in office and his agents. The statute under which the summonses were issued is not claimed to be unconstitutional; and since the Commissioner has acted within authority delegated by the statute his action may not be considered personal. The suit accordingly seems to us to be an effort to restrain the United States, and therefore to fall within the sovereign immunity doctrine. Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). While those cases concerned suits over property, where it is more readily seen they were against the United States notwithstanding United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882), the immunity is not limited to cases involving property. It extends as well to those where the relief sought would "interfere with the public administration," as stated in Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), though that case itself did involve property, or where it appears that "by obtaining relief against the officer, relief" would, "in effect, be obtained against the sovereign." Larson v. Domestic and Foreign Commerce Corp., supra at 688, 69 S.Ct. at 1460. And see Wells v. Roper, 246 U.S. 335, 337, 38 S.Ct. 317, 62 L.Ed. 755 (1918); Louisiana v. McAdoo, 234 U.S. 627, 632, 34 S.Ct. 938, 58 L.Ed. 1506 (1913).

The statute clearly authorizes summonses in the general terms of those before us to be issued by the Commissioner as the delegate of the Secretary of the Treasury. No doubt there may arise circumstances where in enforcement proceedings[2] it may be found that sum-

---

1. By stipulation and order based thereon the Commissioner has refrained from enforcing the summonses pending this appeal.

2. Section 7604(b) of the Internal Revenue Code of 1954 provides:
   "Whenever any person summoned under section 7602 neglects or refuses to

monses so issued seek documents which are privileged or otherwise unavailable to the Commissioner. But in this case the Commissioner does not appear as yet to have departed from his statutory authority, to say nothing of having so departed as to justify interpreting the suit to be one against him personally, rather than in substance and effect against the United States. In so viewing the matter we have in mind that the effort is to stop the United States, acting through the Commissioner, his successors and agents, from initiating further steps to obtain documents which the persons summoned cannot be compelled to produce unless and until enforcement proceedings are pursued.

We are reminded of Mr. Justice Douglas' statement in his dissenting opinion in Malone v. Bowdoin, supra at 650, 82 S.Ct. at 984, that "policy considerations, not always apparent on the surface, are powerful agents of decision" in sovereign immunity cases. Such considerations argue against a right in the the plaintiffs to raise a barrier now against the governmental action of the Commissioner. Under section 7604(b)

further proceedings are required before anyone can be compelled to produce the documents. During such proceedings legal objections and privileges can be interposed for judicial decision. It may then appear that some right or privilege asserted either by those summoned or those claiming through such persons would preclude the Commissioner from obtaining whatever compliance might be sought in the enforcement proceedings. But until these proceedings take form this cannot definitely be known. It would be incumbent upon the judge conducting the enforcement hearing to rule upon objections, taking evidence if necessary relating to various documents involved in order to separate the privileged from the non-privileged. We take it that such a hearing would be a necessary preliminary to citing a summoned party for contempt for failure to comply with a summons, and that a contempt order could not be summarily imposed. See, however, Application of Colton, 291 F.2d 487 (2d Cir. 1961).[3] We need not now consider what judicial response would be appropriate if enforcement were attempted under some other statute than Section 7604(b).[4]

obey such summons, or to produce books, papers, records, or other data * * *, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner * * * for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment * * * for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience."

3. And see In re Turner, 309 F.2d 69 (2d Cir. 1962). Legislative history supports the view that in the enforcement hearing a person summoned should be heard on his claim of privilege before a contempt charge would lie. In the debates

on the predecessor of Section 7604(b) this exchange occurred:

"Mr. Stevens. This provides expressly that on appearance the process and everything shall be open to answer.

"Mr. Ganson. Not before the attachment is issued.

"Mr. Stevens. The attachment is only to bring the party there, and then the answer is open. It will be simply one process instead of two, which will be a great saving in time and expense. It takes no privilege from the party. He is not to be punished until he is heard. This is to be done by the judge. * * *" Cong. Globe, 38th Cong., 1st Sess. 2997 (1864).

4. The position of the Assistant Attorney General on this appeal is that a criminal prosecution under Section 7210 of the Revenue Code, referred to in Application of Colton, supra, and by appellants in a memorandum filed after argument in response to inquiry by the court respecting this section, would not follow from a good faith refusal to comply with a revenue summons.

■ Finally it must be said that joinder of the private parties who are accountants cannot dictate a different result, that is, serve to vest jurisdiction in the District Court, for the true position of these parties is that of plaintiffs, although nominally they appear as defendants. They seek the same relief as their employers, the plaintiffs.

We conclude that the complaint was properly dismissed, but for the reasons expressed herein.

Affirmed.