Stanley B. SLOCUM, Individually, and Commonwealth United Corporation, a Delaware Corporation, Plaintiffs,

v.

UNITED STATES of America, Treasury Department, Internal Revenue Service, Defendant.

No. 4–69 Civ. 282.

United States District Court
D. Minnesota,
Fourth Division.

Aug. 21, 1969.

**374**

Feidt, Lang & Pauly, by Robert I. Lang and Robert L. Smith, Minneapolis, Minn., for plaintiffs.

Joseph T. Walbran, Asst. U. S. Atty., for defendant.

NEVILLE, District Judge.

The above matter is before the court on the motion of a taxpayer, Stanley B. Slocum, to quash or in the alternative to modify an Internal Revenue Service summons, issued under 26 U.S.C. § 7602 to Arthur Young & Company, an accounting firm.

It appears that the Internal Revenue Service is conducting an investigation of the personal income tax returns of Slocum for the years 1964 through 1968; that he had been the principal owner of the capital stock of four different corporations which were merged into or acquired by Commonwealth United Corporation (CUC) in what is claimed to have been a tax free exchange; that prior thereto CUC engaged the services of the accounting firm of Arthur Young & Company to make an audit of the said four corporations; that at the conclusion of such audit Arthur Young & Company made certain written reports to CUC and developed certain work papers; that the acquisition or merger was subsequently consummated.

The Internal Revenue Service summons (Federal Form 2039A) seeks to compel Arthur Young & Company to produce before a Special Agent "All files and work papers pertaining to an acquisition audit performed by your company * * *" on the aforesaid four corporations.

Slocum asserts a variety of objections to the summons, principally that the material sought is for an improper purpose, that such is not relevant to the individual income tax returns of Slocum and that in any event the Internal Revenue Service already has all of the books of accounts and multifarious other records of the four corporations for the period of the taxable years here involved. No challenge is made on the basis of any claimed privilege nor of self-incrimination.

Arthur Young & Company states that while not wishing deliberately to oppose the Internal Revenue Service, it feels a loyalty to its client CUC and thus supports its position.

The government does not meet any of Slocum's arguments as to proper purpose, relevance and prior possession of the information but rests on Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964), claiming lack of jurisdiction in this court to decide this motion to quash.

The court is of the view that the government's position is sound and that the motion to quash should be denied and dismissed. The *Reisman* case arose originally in the United States District Court for the District of Columbia. It was a challenge in the form of a declaratory judgment action seeking injunctive relief against Internal Revenue summonses issued to the accounting firm of Peat, Marwick, Mitchell & Co. requiring production of a taxpayer's books, records and papers. The court of appeals, Reisman v. Caplin, 115 U.S.App.D.C. 59, 317 F.2d 123 at page 125 (1963), affirmed the dismissal by the District Court, but on quite a different basis, stating:

"We think the complaint was properly dismissed, but for a different reason, namely, that it is not within the court's jurisdiction because it is in substance a suit against the United States to which it has not consented. In terms, as well as actually, it is against the Commissioner in his official capacity, seeking to bind him in that capacity, as well as his successors in office and his agents. The statute under which the summonses were issued is not claimed to be unconstitutional; and since the Commissioner has acted within authority delegated by the statute his action may not be considered personal. The suit accordingly seems to us to be an effort to restrain the United States, and therefore to fall within the sovereign im-

munity doctrine. Larson v. Domestic and Foreign Commerce Corp., 337 U. S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). While those cases concerned suits over property, where it is more readily seen they were against the United States notwithstanding United States v. Lee, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171 (1882), the immunity is not limited to cases involving property. It extends as well to those where the relief sought would 'interfere with the public administration,' as stated in Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947), though that case itself did involve property, or where it appears that 'by obtaining relief against the officer, relief' would, 'in effect, be obtained against the sovereign.' Larson v. Domestic and Foreign Commerce Corp., supra at 688, 69 S.Ct. at 1460. And see Wells v. Roper, 246 U.S. 335, 337, 38 S.Ct. 317, 62 L.Ed. 755 (1918); Louisiana v. McAdoo, 234 U. S. 627, 632, 34 S.Ct. 938, 58 L.Ed. 1506 (1913)."

The United States Supreme Court affirmed, using the language (375 U.S. 442–443, 84 S.Ct. 510):

" * * * The Court of Appeals affirmed, but on the entirely different theory that the suit was, in substance, one against the United States to which it had not consented. 115 U.S. App.D.C. 59, 317 F.2d 123. We granted certiorari, 374 U.S. 825, 83 S.Ct. 1873, 10 L.Ed.2d 1049, and have concluded that petitioners have an adequate remedy at law and that the complaint is therefore subject to dismissal for want of equity. This obviates our passing upon any of the other questions presented."

It is clear that the Supreme Court was following the doctrine of sovereign immunity. The opinion examines at some length procedures available to both the summoned witness and the Internal Revenue Service if the summons be not honored or obeyed and indicates that the proper time for challenge is after the witness has failed and refused to honor the summons. Application may then be made by the Internal Revenue Service to the United States District Court. At that time any legitimate challenge may be lodged and asserted by the witness or by anyone interested in protecting his interest if it might be affected by production and disclosure. As the Supreme Court stated (375 U.S. 449, 84 S.Ct. 513–514):

"Furthermore, we hold that in any of these procedures before either the district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. * * * In addition, third parties might intervene to protect their interests, or in the event the taxpayer is not a party to the summons before the hearing officer, he, too, may intervene. See In re Albert Lindley Lee Memorial Hospital, supra [209 F.2d 122], and Corbin Deposit Bank of Corbin, Ky. v. United States, supra [244 F.2d 177]. And this would be true whether the contempt be of a civil or criminal nature. Cf. McCrone v. United States, 307 U.S. 61, 59 S.Ct. 685, 83 L.Ed. 1108 (1939); Brody v. United States, 1 Cir., 243 F.2d 378. * * *

Nor would there be a difference should the witness indicate—as has Peat, Marwick, Mitchell & Co.—that he would voluntarily turn the papers over to the Commissioner. If this be true, either the taxpayer or any affected party might restrain compliance, as the Commissioner suggests, until compliance is ordered by a court of competent jurisdiction. This relief was not sought here. Had it been, the Commissioner would have had to proceed for compliance, in which event the petitioners or the Bromleys might have intervened and asserted their claims.

Finding that the remedy specified by Congress works no injustice and suffers no constitutional invalidity, we remit the parties to the comprehensive

procedure of the Code, which provides full opportunity for judicial review before any coercive sanctions may be imposed. Cf. United States v. Babcock, 250 U.S. 328, 331, 39 S.Ct. 464, 465, 63 L.Ed. 1011 (1919)."

The court feels itself bound by the teachings of *Reisman* and in following such must dismiss and deny the present motion to quash. It seems very clear to the court, however, that if Arthur Young & Company does not respond to the summons and further proceedings are to be undertaken by the Internal Revenue Service, Slocum and CUC and any other party affected by disclosure will be entitled to intervene to protect their interests. If such occurs notice thereof must be given by the government to Slocum and CUC through their counsel.

The most recent case called to the court's attention on the question of right to intervene is United States v. Benford, 406 F.2d 1192 (4th Cir. 1969), where the court, in discussing *Reisman* and United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) stated:

" * * * The opinions did not expressly, and, as we read them, did not impliedly, limit the taxpayer's right to intervene in enforcement proceedings to situations where a legally protected interest in the records could be shown. Had the Court intended simply to hold that the particular interests of the taxpayers involved in those cases were sufficient bases for intervention, the opinions would doubtless have made that evident. We interpret them as adopting the judicial policy with respect to I.R.S. inquisitorial summonses that the person whose tax liability is the subject of the investigation can intervene and challenge enforcement if he sees fit." 406 F.2d at 1194

As constituting some analogy to the principal of *Reisman,* see 26 U.S.C. §

7421(a) prohibiting injunctive relief against "assessment or collection of any tax" and 28 U.S.C. § 2201 excepting from the declaratory judgment statute any controversy "with respect to federal taxes." See St. Louis Park Medical Center v. Lethert, 286 F.Supp. 271 (D. Minn.1968). Cases cited by Slocum and CUC are inapposite here.

■ The court need not now pass on the contentions raised at the hearing by Slocum and CUC. Since, however, a diversity of opinion between counsel developed at the hearing as to what if any burden is on the government should it conclude further to proceed, if the summons be not obeyed, attention is called to the language of United States v. Powell, 379 U.S. 48, 85 S.Ct. 248 (1964), wherein the court stated:

"Reading the statutes as we do, the Commissioner need not meet any standard of probable cause to obtain enforcement of his summons, either before or after the three-year statute of limitations on ordinary tax liabilities has expired. He must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed—* * *" 379 U.S. at 57–58, 85 S.Ct. at 255

At the hearing the court was asked by the government to establish a new return date for the summons and was asked by Slocum and CUC, should the motion be denied to grant a stay for the purpose of taking an appeal.

A separate order has been entered denying the motion to quash and covering other matters, including an order requiring retention of the records and papers by Arthur Young & Company pending final determination of this matter.