**In the Matter of the Tax Liability of Edward H. PETER, Jr.**

**No. 2178.**

United States District Court,
E. D. Kentucky,
Lexington Division.

Nov. 17, 1970.

Kincaid, Wilson, Schaeffer, Trimble & Hembree by J. Montjoy Trimble and Charles R. Hembree, Lexington, Ky., for petitioner.

Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., for respondent.

## MEMORANDUM

SWINFORD, District Judge.

This proceeding is before the court on an application by the petitioner, Edward H. Peter, Jr., a taxpayer, to vacate and quash service of an Internal Revenue Service summons directing him to produce his business records for examination. The petitioner contends his business affairs, having been once examined and investigated by the IRS, may not be re-examined and re-investigated unless pursuant to Internal Revenue Code section 7605(b), which reads as follows:

> "(b) Restrictions on Examination of Taxpayer.—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary."

The government argues that the petition, which names specific individuals as defendants, and is in the form of a motion to quash, is in fact and purpose an application to restrain the United States from pursuing an investigation relating to the collection of taxes. This court agrees. The annulment of the summons would bar the issuance of any subsequent summons for the same purpose. Quashing, in this case, would clearly have the same effect as injunctive relief.

In the case of Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1963), the Supreme Court held that a petition to enjoin enforcement of an Internal Revenue Service summons was subject to dismissal for want of equity as there existed an adequate remedy at law. The Court noted that an interested party or taxpayer, by refusing in good faith to comply with the summons, compels the government to bring an enforcement proceeding wherein any defense the taxpayer may have can be raised. The summoned party must await an enforcement action by the government to question the validity of the summons. In the instant case the petitioner may raise the defense of section 7605(b) at the enforcement proceeding.

A case of close factual similarity to the present one is Slocum v. United States, 303 F.Supp. 373 (1969). In Slocum the taxpayer sought to quash service of an IRS summons directing his accounting firm to produce certain of his business records and documents. The motion to quash was denied. The opinion of the court, based largely upon the decision in Reisman v. Caplin, included the following language:

> "The opinion (in Reisman) examines at some length procedures available to both the summoned witness and the Internal Revenue Service if the summons be not honored or obeyed and indicates that the proper time for challenge is after the witness has failed and refused to honor the summons. Application may then be made by the Internal Revenue Service to the United States District Court. At that time any legitimate challenge may be lodged and asserted by the witness or by anyone interested in protecting his interest if it might be affected by production and disclosure." Slocum v. United States at page 375.

The respondent's motion to dismiss must be granted. An order in accordance with this memorandum is this day entered.