## RASQUIN v. MUCCINI.

### SAME v. CAPLIS (two cases).

### Nos. 434–436.

Circuit Court of Appeals, Second Circuit.

Aug. 10, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick and Albert D. Smith, Asst. U. S. Attys., both of Brooklyn, N. Y., Henry C. Clark, of Washington, D. C., and George R. Sherriff, General Counsel, Bureau of Internal Revenue, of New York City, of counsel), for appellant.

A. H. Goodman, of New York City, for Andrew J. S. and Margaret M. Caplis.

Roe & Kramer, of New York City, for Ernest Muccini.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

These appeals all raise the same issues, and one opinion will suffice.

John M. Phillips, who was a resident of the Eastern district of New York, filed no income tax returns for the years 1922 to 1926, inclusive. In 1928, the collector of internal revenue for this district made an examination pursuant to section 1104 of the Revenue Act of 1926, as amended by section 618 of the

Revenue Act of 1928 (26 USCA § 1247), and as a result assessed, on March 22, 1928, a large income tax against Phillips for the above years. Phillips died on July 3, 1928, and this tax has not been collected.

In 1931, the city of New York began proceedings to acquire title to certain real estate near Douglaston, Queens county, N. Y., for public use. In connection with these proceedings claims to some interest in the real estate sought to be acquired were made in behalf of the estate of Phillips and in behalf of his heirs. After that the collector of internal revenue for the Eastern district issued summonses, which purported to be pursuant to sections 3165 and 3173, Rev. St. (26 USCA §§ 58, 93, 94), to the appellees to appear on June 7, 1933, "to testify before me in a certain matter arising under the Internal Revenue Laws, depending before me wherein this office has under investigation the income tax liability of John M. Phillips." The appellees appeared but refused to be sworn and to testify on the ground that, since the income tax liability of John M. Phillips had already been established by assessment on March 22, 1928, the collector had no power to issue the summonses. An action in equity was brought to restrain the collector from proceeding under the summonses, and that came on for hearing on June 14, 1933, on motion to dismiss and on motion for a preliminary injunction against the collector. Before any decision was made (subsequently the motion to dismiss was granted and that for preliminary injunction denied), new summonses were issued by the collector and served on the appellees to appear before the collector for examination on July 5, 1933. These summonses were likewise issued by the collector under his supposed authority by virtue of the provisions of sections 3165 and 3173, Rev. St., and required the witnesses to appear and "then and there testify before me in a certain matter arising under the Internal Revenue Laws, depending before me wherein this office is attempting to enforce collection of the income tax liability assessed against one John M. Phillips now deceased."

The appellees obtained orders to show cause why these summonses should not be vacated on the ground that the collector was without authority to issue them. After hearing before another District Judge, the summonses were vacated and set aside and the government has appealed.

Neither of the statutes under which the summonses were expressly issued gives any such power to the collector. Section 3165 relates only to the taking of evidence under oath and section 3173 only confers the power to summon witnesses in instances where no return has been filed after notice to file one as therein provided has been duly given. The appellant insists, however, that he had authority under section 618 of the Revenue Act of 1928 (26 USCA § 1247). But this section only gives power to require the attendance of witnesses and the taking of testimony under oath "for the purpose of ascertaining the correctness of any return or for the purpose of making a return where none has been made. * * * " It does not give the collector authority to summon witnesses and compel them to testify in aid of the collection of taxes.

As the question at issue is one of power, it is necessary to find it elsewhere in the statute, and the appellant further insists that it may be found in section 1544 of title 26, U. S. C., as it appears in Supplement VI (see 26 USCA § 34 and note). We agree that, if this section were the law when the summonses were issued, the collector had the power to issue them. In this connection it was at first urged upon us that above section 1544 could not be applicable because chapter 1 of title 26 in Supplement VI begins with the sentence: "The provisions of this chapter shall apply only to the taxable year 1932 and succeeding taxable years." This was an error, however, as has now been conceded. Section 1544 is not a part of chapter 1.

Nevertheless, in so far as section 1544 contains new matter, and all that part of it which would confer upon a collector the power to summon witnesses and take testimony for the purpose of collecting internal revenue taxes is new, it is not the law. In the preface to the Supplement VI it is stated:

"This supplement has been compiled as heretofore with the exception of Title 26, Internal Revenue, to which especial attention is invited. That title as contained herein has been prepared by the staff of the Joint Committee on Internal Revenue Taxation with the cooperation of the Committee on Revision of the Laws of the House of Representatives, and the Treasury Department, and represents exhaustive efforts to furnish the basis for simplification and improvements in classification of those laws, looking forward to actual revision of the Code, title by title, and the enactment of each into absolute law. It is the complete restatement of all the general and permanent laws relating to internal revenue and is a substitute for that title in the Code itself with subsequent legislation to July 16, 1932.

"It is the intention of the Committee on Revision of the Laws to seek the enactment of this title into absolute law."

The forenote to title 26 contains in substance a repetition of the above. The new portion of proposed section 1544 upon which the appellant now seeks to support the summonses was not enacted and, of course, it stands as no justification for his action in issuing them. In view of the above quotation from the preface dealing especially with title 26, section 54a of title 1, Supplement VI (see 1 USCA § 54a), cannot be construed to establish even the prima facie validity of section 1544.

We have jurisdiction of an appeal from the orders of the District Court. Bolich v. Rubel (C. C. A.) 67 F.(2d) 894. The orders did not interfere with any action of the collector within his authority, and so Wells v. Roper, 246 U. S. 335, 38 S. Ct. 317, 62 L. Ed. 755, has no application. Nor were they in conflict with section 3224, Rev. St. (26 USCA § 154), forbidding the maintenance of a suit for the purpose of restraining the assessment or collection of any tax. They did no more than vindicate the right of these appellees to refuse to comply with unlawful summonses.

Orders affirmed.