**In the Matter of the Tax Liability of Reuben TURNER, Appellant.**

No. 102, Docket 27621.

United States Court of Appeals
Second Circuit.

Argued Oct. 5, 1962.

Decided Oct. 11, 1962.

Jules Ritholz, New York City (Corcoran, Kostelanetz, Gladstone & Lowell) New York City (Boris Kostelanetz, Jon H. Hammer, New York City, of counsel), for appellant.

Philip H. Schaeffer, New York City, Vincent L. Broderick, U. S. Atty., for Southern District of New York.

Eugene R. Anderson, Asst. U. S. Atty., of counsel, for the United States of America.

Before LUMBARD, Chief Judge, and FRIENDLY and KAUFMAN, Circuit Judges.

FRIENDLY, Circuit Judge.

Turner, a physician, obtained on March 20, 1962, in the District Court for the Southern District of New York, an order relating to a summons issued to him under the authority of § 7602(2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7602(2). The summons commanded Turner to appear before Special Agent Fensterman of the Internal Revenue Service on March 26, 1962, and to bring with him all records of income and expenses of his medical practice, all bank statements and cancelled checks, the names of all open and closed savings accounts and related deposit books, and the records of all other income and expenses for the years 1956 through 1959. The order directed the Internal Revenue Service to show cause why the summons should not be quashed or modified on the ground that the Special Agent was engaged in an investigation directed toward the institution of criminal proceedings against Turner, and that compelling Turner to appear and produce books and records before him would violate rights guaranteed to Turner by the Fourth and Fifth Amendments. Pending hearing and determination of the motion, enforcement of the summons was stayed. The Government submitted an affidavit

of the Special Agent asserting that "The primary, although not the sole purpose, of the questions to be put to Reuben Turner, as well as the purposes for which the specified documents are sought, is to determine the authenticity and completeness of various types of income included in said returns." On April 26, 1962, Judge Bonsal denied relief, holding the application to be premature inasmuch as Turner could assert his constitutional rights upon appearing before the Special Agent. Turner appealed and, by stipulation, was relieved from complying with the summons in the interim. On October 1, 1962, the Government moved for a preference, and we heard the appeal on October 5. We affirm.

■ Any tax investigation carries with it at least a theoretical possibility of disclosing facts that might lead to criminal proceedings. Appellant does not take the extreme position that, because of this, all individual taxpayers are entitled to suppress all summonses issued to them under § 7602(2). His claim is limited to taxpayers who are under investigation by Special Agents; these officials, he alleges, are exclusively concerned with cases where criminal prosecution is contemplated, cf. Russo v. United States, 241 F.2d 285, 286 fn. 1, (2 Cir. 1957), cert. denied, 355 U.S. 816, 78 S.Ct. 18, 2 L.Ed.2d 33 (1957). Even so, appellant does not press too strongly his argument that the summons is invalid insofar as it requires his oral testimony. His restraint in this respect is wise. Section 3481 of 18 U.S.C., whereby "a person charged" is made "a competent witness" only "at his own request", is concerned solely with "trial of all persons charged with the commission of offenses against the United States * * * *." During investigative proceedings that may or may not lead to indictment and trial, a prospective defendant whose testimony is sought is still only a witness and hence outside the scope of § 3481; like any other witness, he must obey the process of the authority summoning him to appear and claim the constitutional privilege as particular questions are asked. See United States v. Price, 163 F. 904 (S.D.N.Y.1908) (Hough, D. J.); Landy v. United States, 283 F.2d 303 (5 Cir. 1960), cert. denied, 365 U.S. 845, 81 S.Ct. 805, 5 L.Ed.2d 810 (1961); 8 Wigmore, Evidence (McNaughton rev. 1961), § 2268, at 405–406.

■ Appellant relies more heavily on his claim that the books, records and papers he has been summoned to bring to the hearing would necessarily fall within the privilege, and that the courts should therefore intervene *in limine* to prevent what would be a futile compulsion. Indeed, he argues that this issue has already been ruled in his favor by my brothers, sitting in the court below— by Judge Lumbard in Shaughnessy v. Bacolas, 135 F.Supp. 15 (S.D.N.Y. 1955), and by Judge Kaufman in In re Daniels, 140 F.Supp. 322 (S.D.N.Y. 1956). We do not read these decisions as establishing a general principle that a summons issued under § 7602(2), requiring an individual taxpayer to produce his books and records before a Special Agent of the Internal Revenue Service must always be vacated when attacked as violating the privilege against self-incrimination. Bacolas was not a tax case at all; it involved an administrative subpoena issued by a Special Inquiry Officer of the Immigration Service, under 8 U.S.C. § 1225(a), to a person believed to have paid out money to facilitate the illegal entry of an alien in violation of 8 U.S.C. § 1324(a) (4); Judge Lumbard placed his decision on the ground "that any of the checks or bank statements sought which are in fact relevant to the deportation proceeding might tend to establish or might lead to other evidence tending to establish" guilt, 135 F.Supp. at 18. Judge Kaufman's opinion in Daniels is still less helpful to appellant. It was concerned with whether certain records were or were not within the privilege, not with whether the Government might require them to be brought to the agent's hearing even though they were—an argument which, as Judge Kaufman noted, 140 F.Supp.

72

at 328, the Government had not made. Here the precise direction of any criminal proceeding is far less discernible than in the Bacolas case—it may relate only to income, or only to expenses, or only to a particular category of either. In addition to the ever present possibility that, no matter what is now said, appellant and his counsel may determine that the course of wisdom is to make certain records available for examination when they appear before the agent, it is not yet evident that production of every item in his records or an explanation why it cannot be produced might be dangerous because injurious disclosure might result. Cf. Hoffman v. United States, 341 U.S. 479, 487, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). The district judge did not err under these circumstances in directing appellant to submit to the relatively slight burden of bringing his records to the hearing and making there any claim of privilege that may be warranted in the light of what develops.

 The Government's brief calls attention to some long delays in tax investigations that have been consequent on our holding, in Application of Colton, 291 F.2d 487 (2 Cir. 1961), that the district courts have jurisdiction under 28 U.S.C. § 1340 to entertain motions with respect to summonses issued under § 7602(2), and that denials of such motions are appealable under 28 U.S.C. § 1291. We were not unaware of this possibility, as our opinion shows, 2 Cir., 291 F.2d at 490, but nevertheless concluded that the result reached was inherent in the statutory scheme.[1] Although we do not now perceive any reason to doubt the correctness of the Colton decision, we are of course ready, in this instance as in others, to reexamine a holding on a matter of such public importance if the Government deems that any relevant considerations were overlooked. Indeed,

further light on this subject may soon be shed as a result of the recent grant of certiorari, Davis v. Soja, 83 S.Ct. 45 (1962), to review 303 F.2d 601 (7 Cir. 1962). A stay pending an appeal from the denial of a motion to vacate or modify a summons under § 7602(2) should not be granted as a matter of course, but only when there is a substantial possibility of success, and then on terms designed to expedite the appeal and, if necessary and appropriate, to protect against the running of any applicable statute of limitations. When a stay pending appeal has been granted, we are always ready to expedite hearing and decision, as has been done here.

The order is affirmed. The mandate will issue forthwith.

---

1. It was not our intention to determine also that it was constitutionally required —an issue that was not before us—although we understand why the citation of Ex parte Young, 209 U.S. 123, 147, 28 S. Ct. 441, 52 L.Ed. 714 (1908) and Oklahoma Operating Co. v. Love, 252 U.S. 331, 336–337, 40 S.Ct. 338, 64 L.Ed. 596 (1920), might lead to the opinion's being so interpreted. See 75 Harv.L.Rev. 1222, 1223, (1962).