**UNITED STATES of America,**
**Appellee,**

v.

**Manuel E. KULUKUNDIS and M. Michael**
**Kulukundis, Appellants.**

**No. 372, Docket 28730.**

United States Court of Appeals
Second Circuit.

Argued Feb. 10, 1964.

Decided Feb. 10, 1964.

**198**

Theodore P. Daly, New York City (Poles, Tublin & Patestides and John G. Poles, New York City, of counsel), for appellants.

Clarence M. Dunnaville, Jr., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of New York, Eugene R. Anderson, Asst. U. S. Atty., of counsel), for appellee.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge:

On November 7, 1963, the Internal Revenue Service made 100% penalty assessments under § 6672 of the Internal Revenue Code against appellant Manuel E. Kulukundis in the amount of $732,-427.13 and against appellant M. Michael Kulukundis in the amount of $324,-161.55 because of the failure of certain corporations of which they were alleged to be responsible officers to pay withholding taxes. A month later the United States commenced an action against them in the District Court for the Southern District of New York to recover the sums so assessed. Several days after the bringing of the action, the Internal Revenue Service served summonses on appellants pursuant to § 7602 of the Internal Revenue Code. The summonses, on a printed form, commanded them to appear on January 6, 1964, before an officer of the Service and testify relating to their "tax liability and/or the collection of the tax liability * * * for the period(s) designated * * *" The line in the form entitled "Period(s)" was filled "100% Penalty Assessments Covering 3rd & 4th Qtrs. 1962 & 1st & 2nd Qtrs. 1963" in the case of Manuel and "4th Qtr. 1962 & 1st & 2nd Qtrs. 1963" in the case of Michael, these being the same periods as to which tax liability had been alleged in the complaint. Counsel for appellants appeared on the return day and procured an adjournment to January 15. On that date Manuel E. Kulukundis was present but refused to answer any questions as to his tax liability or his assets; M. Michael Kulukundis did not appear. Thereupon the United States applied to the District Court pursuant to § 7604(a) of the Internal Revenue Code for an order directing appellants to testify in accordance with the summonses.

Agreeing with appellants that "a summons issued under 26 U.S.C. § 7602 should not be used to circumvent the discovery provisions of the Federal Rules of Civil Procedure and the protection they afford to a party," Judge Croake struck

out the provisions of the summonses relating to the existence of liability. But since pre-trial discovery under the Federal Rules would not extend to "collecting any such liability," he granted enforcement of that portion. Manuel E. and M. Michael Kulukundis have appealed; the Government has not. Having granted the Government's motion for a preference, we affirmed Judge Croake's order in open court and directed the mandate to issue forthwith.

■■ The order being one, under § 7604(a) of the Code, which directs a party summoned to answer, appealability is sustained by In re Albert Lindley Lee Memorial Hospital, 209 F.2d 122 (2 Cir. 1953), cert. denied sub nom. Cincotta v. United States, 347 U.S. 960, 74 S.Ct. 709, 98 L.Ed. 1104 (1954), which was recently cited with approval in Reisman v. Caplin, 375 U.S. 440, 445, 84 S.Ct. 508, 512, 11 L.Ed.2d 459 (1964). The latter decision, however, by construing the contempt and punitive provisions of § 7604(b) and § 7210 as applicable only to persons who "wholly made default or contumaciously refused to comply" but not to a witness who "appears and interposes good faith challenges to the summons," seems to destroy the basis underlying decisions of this court which authorized applications to vacate such a summons (and appeals from their denial) in advance of any judicial proceeding by the Government for their enforcement. International Commodities Corp. v. I. R. S., 224 F.2d 882 (2 Cir. 1955); E. g., Application of Colton, 291 F.2d 487 (2 Cir. 1961); and In re Turner, 309 F.2d 69 (2 Cir. 1962) [in which we expressed our willingness to reexamine our prior decisions "if the Government deems that any relevant considerations were overlooked."]. See Application of Howard, 325 F.2d 917 (3 Cir. 1963).

Despite what was said in Pacific Mills v. Kenefick, 99 F.2d 188, 189 (1 Cir. 1938), we would not wish to be committed to the district judge's view that the summonses were unauthorized insofar as they sought to inquire into the existence of tax liability. The two decisions cited by him, United States v. O'Connor, 118 F.Supp. 248 (D.Mass. 1953), and Application of Myers, 202 F. Supp. 212 (E.D.Pa.1962), dealt with the use of an internal revenue summons in aid of a criminal prosecution, where, in Judge Wyzanski's language, Congress has never "vested the executive with an unrestricted subpoena power to uncover information which might aid in the enforcement of criminal statutes and the preparation of criminal cases." 118 F. Supp. at 250. Reasonable though it thus may be to read such a condition into the Internal Revenue Code, compare United States v. Maresca, 266 F. 713 (S.D.N.Y. 1920), it would be a quite different matter for the courts to construct a condition whereby the Government's bringing a civil suit rather than relying solely on summary methods of tax collection would deprive it of a remedy which the letter of the Code assuredly gives—particularly when Congress, in § 7605(b), prescribed such provisions for the protection of taxpayers as it wished to make.

■■ However this may be, the judge was surely right in enforcing the summonses insofar as they dealt with the collection of taxes that had been assessed. Appellants point to the provisions of F. R.Civ.Proc. 69(a) whereby a judgment creditor may examine either in accordance with the federal rules as to discovery or pursuant to state practice. Such an inquiry, available only after judgment is rendered, by which time assets may have been secreted or removed, is no substitute for the speedy examination permitted by § 7602. Information as to collection obtained by a summons under that section might lead the Government to abandon its civil suit and utilize the summary means of collection under § 6331 which are still available. Compare Phillips v. C. I. R., 283 U.S. 589, 595, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Our decision in Rasquin v. Muccini, 72 F.2d 688 (2 Cir. 1934), cited by appellants, was under an earlier revenue act which did not authorize a summons in aid of the collection of a tax.

■ Appellants' other objection, that the summonses, which required only oral testimony, were not sufficiently specific, is patently without merit. The questions to be asked on the examination with reference to the tax liability stated to be at issue would give such notice as is requisite.

Affirmed.