**In re STANLEY PLATING CO., INC.**

**Misc. Civ. No. H–86–50 (AHN).**

United States District Court,
D. Connecticut.

May 23, 1986.

Leslie Ohta, Asst. U.S. Atty., Hartford, Conn., and Ruth A. McQuade, U.S. Dept. of Justice, Land & Natural Resources, Washington, D.C., for U.S.A.

Robert B. Cohen, Cohen & Channin, Hartford, Conn., for Stanley Plating.

## RULING ON STANLEY PLATING'S MOTION TO QUASH

DORSEY, District Judge.

Stanley Plating Co., Inc. ("Stanley") moves to quash a warrant issued by the

undersigned which authorizes employees of the Environmental Protection Agency ("EPA") to inspect the conceded hazardous waste management facility operated by Stanley. The warrant was issued upon a finding of probable cause *ex parte* after reviewing affidavits submitted by an EPA environmental engineer. There was sufficient probable cause to believe that Stanley's electro plating facility was discharging hazardous waste into its surface impoundments after its interim status and authority to engage in the management of hazardous waste in land disposal units was allegedly lost on November 8, 1983. The inspection was necessary and proper to enforce the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901 *et seq.* (also referred to as the Resource Conservation and Recovery Act ("RCRA")).

On May 23, 1986, the parties were heard on Stanley's motion. Section 3007 of RCRA authorizes EPA employees:

(1) to enter at reasonable times any establishment or other place where hazardous wastes are or have been generated, stored, treated, disposed of, or transferred from;

(2) to inspect and obtain samples from any person of any such wastes and samples of any containers or labeling for such wastes.

42 U.S.C. § 6927(a).

The government represents that the purpose of the inspection is "solely to enforce the provisions of RCRA." Government's Memorandum in Support of Ex Parte Application at 4.

Conversely, Stanley, while recognizing the EPA's statutory authority, argues that, because a civil action was initiated by the United States government against it in March 1986, the government's proper course is to file a motion to inspect its facility under Rule 34(b), Fed.R.Civ.P. According to Stanley, the pending civil action subjects the government to the discovery limitations of Rules 26 *et seq.*, Fed.R.Civ.P. and prohibits the inspection under § 6927(a). The court disagrees.

While Stanley asserts a number of theories or analyses to sustain its position, the challenge is reducible to the single question of whether the fact of a civil action, brought by EPA as a means of enforcing the law, restricts EPA to investigative techniques in accordance with the discovery rules of the Federal Rules of Civil Procedure. Stanley has cited no authority for the proposition that pendency of a civil action creates any limitation on the enforcement procedures authorized by 42 U.S.C. §§ 6901 *et seq. See* particularly 42 U.S.C. § 6927. There is nothing in the statutes that suggests any such limitation being so intended by Congress. Further, there is no logic to such a restriction. While a pending criminal prosecution may not be aided by an administrative procedure, lest the preservation of the grand jury's role in the criminal accusative process and the limitation on the government's discovery rights in criminal cases be compromised, *see United States v. LaSalle Nat'l Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978), this case does not involve a pending criminal prosecution. The decision herein should not, however, be regarded as an expansion of the government's authority to investigate under 42 U.S.C. § 6927 in aid of a criminal prosecution and contrary to the teachings of *LaSalle.*

The purposes of Rule 34 and § 6927 are different. Though they may overlap, they are not preclusive. They may lead to separate enforcement procedures. Even if they complement one another, that is not to suggest a reason to abate the § 6927 procedure while the civil case is pending. There is nothing to support either a need for nor the intention to curtail cooperation between EPA and its enforcement arm, the Justice Department and the United States Attorney. *See LaSalle,* 437 U.S. at 312, 98 S.Ct. at 2365. Rather, the procedures under Rule 34 and § 6927 are compatible. The Court of Appeals for the Second Circuit has adopted the dicta written by Judge Friendly in *United States v. Kulukundis,* 329 F.2d 197 (2d Cir.1964): "it would be quite a different matter for the courts to construct

a condition whereby the Government's bringing a civil suit ... would deprive it of a remedy which the letter of the Code assuredly gives." *Id.* at 199. *See United States v. Frowein,* 727 F.2d 227, 232 (2d Cir.1984).

Accordingly, the enforcement procedure authorized by 42 U.S.C. § 6901, and particularly § 6927, will not be precluded by the pendency of the civil action, another enforcement tool available to EPA.

Nothing in *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), suggests the impropriety of an *ex parte* warrant application. Indeed, the implication is to the contrary. *See id.* at 320, 98 S.Ct. at 1824. EPA here relies on evidence of an existing violation for which the court has found probable cause. This is sufficient to authorize the warrant and the inspection pursuant to it.

The warrant is not preempted by the pendency in the civil action of a motion under Rule 37. Stanley's claims that the warrant was not obtained pursuant to a neutral inspection scheme is without merit as the government relies on a claim of probable cause to believe a violation exists. Neither has Stanley convincingly shown noncompliance with the Resource Conservation and Recovery Act, § 3007, 42 U.S.C. § 6927.

Accordingly, the motion to quash is denied. The warrant is extended in accordance herewith.

SO ORDERED.