Robert L. SCHULZ, Plaintiff–
Appellant,

v.

INTERNAL REVENUE SERVICE and
Anthony Roundtree, Defendants–
Appellees.

Docket No. 04–0196–CV.

United States Court of Appeals,
Second Circuit.

Argued: Dec. 13, 2004.

Decided: Jan. 25, 2005.

Robert L. Schulz, pro se, Queensbury, N.Y.

Robert P. Storch, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, on the brief), Albany, N.Y., for Defendants–Appellees.

Before: FEINBERG, STRAUB, and RAGGI, Circuit Judges.

PER CURIAM.

In May and June 2003 defendant-appellee, the Internal Revenue Service ("IRS"), served plaintiff-appellant, Robert L. Schulz, with a series of administrative summonses seeking testimony and documents in connection with an IRS investigation of Schulz. Schulz filed in the United States District Court for the Northern District of New York motions to quash those summonses. In an order dated October 16, 2003, Magistrate Judge David R. Homer dismissed Schulz's motions for lack of subject matter jurisdiction, finding that, because the IRS had not commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. § 7604, Schulz was under no threat of consequence for refusal to comply and, until such time as the IRS chose to pursue compulsion in a United States district court, no case or controversy existed. Magistrate Judge Homer further found that if the IRS did attempt to compel Schulz to produce testimony and documents named in the summonses, the enforcement procedure described in § 7604 would provide Schulz with adequate opportunity to contest the requests.

Schulz filed an appeal and objection in the District Court. By order dated December 3, 2003, the District Court denied those objections and dismissed the appeal. Schulz now appeals from that final decision of the District Court. We assert jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

■ It is well-established that "Article III of the Constitution confines the jurisdiction of the federal courts to actual 'Cases' and 'Controversies.'" *Clinton v. City of New York*, 524 U.S. 417, 429, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) (citations omitted). To demonstrate the standing necessary to invoke the jurisdiction of the federal courts Schulz must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). This injury may not be speculative or abstract, but must be distinct and definite. *Id.*

■ In its present posture, Schulz's motion does not satisfy this requirement. As the Supreme Court pointed out in *United States v. Bisceglia*, IRS summonses have no force or effect unless the Service seeks to enforce them through a § 7604 proceeding. 420 U.S. 141, 146, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975), *partially superseded by* 26 U.S.C. § 7609, as stated in *In re Does*, 688 F.2d 144, 148 (2d Cir.1982). The IRS has not initiated any enforcement procedure against Schulz and, therefore, what amount to requests do not threaten any injury to Schulz. Of course, if the IRS should, at a later time, seek to enforce these summonses, then the procedures set forth in § 7604(b) will afford Schulz ample opportunity to seek protection from the federal courts. *See Bisceglia*, 420 U.S. at 146, 95 S.Ct. 915; *see also Reisman v. Caplin*, 375 U.S. 440, 447–50, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964) (denying injunctive relief from IRS summonses because § 7604(b) "provides full opportunity for judicial review before any coercive sanctions may be imposed"); *United States v. Tiffany Fine Arts, Inc.*, 718 F.2d 7, 11 (2d Cir.1983) ("[*Bisceglia*] reasoned that by creating the enforcement proceeding mechanism Congress had intended to place the federal courts between the IRS and the person summoned, and that the courts

could contain [the threat of IRS over-reaching] by narrowing the scope of or refusing to enforce abusive summonses.").

 We realize that our holding today stands in direct contradiction to our previous decisions in *Application of Colton*, 291 F.2d 487, 491 (2d Cir.1961), and *In re Turner*, 309 F.2d 69, 71 (2d Cir.1962). While reversal of our prior precedent is never a matter we regard lightly, we take no small solace in Judge Friendly's discussion of *Colton* and *Turner* in *United States v. Kulukundis*, 329 F.2d 197 (2d Cir.1964). There, Judge Friendly, who authored both *Colton* and *Turner*, points out that *Reisman* "seems to destroy the basis underlying decisions of this court which authorized applications to vacate [an IRS] summons (and appeals from their denial) in advance of any judicial proceeding by the Government for their enforcement." *Id.* at 199. In light of this, we view ourselves today as completing a task begun forty years ago and hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order. In addition, we hold that if the IRS seeks enforcement of a summons through the courts, those subject to the proposed order must be given a reasonable opportunity to contest the government's request. If a court grants a government request for an order of enforcement then we hold, consistent with 26 U.S.C. § 7604 and *Reisman*, that any individual subject to that order must be given a reasonable opportunity to comply and cannot be held in contempt, arrested, detained, or otherwise punished for refusing to comply with the original IRS summons, no matter the taxpayer's reasons or lack of reasons for so refusing. *See Reisman*, 375

U.S. at 446, 84 S.Ct. 508 ("[O]nly a refusal to comply with an order of the district judge subjects the witness to contempt proceedings."). Any lesser protections would expose taxpayers to consequences derived directly from IRS summonses, raising an immediate controversy upon their issuance. Holding as we have, however, allows us to hold further that issuance of an IRS summons creates no Article III controversy and, therefore, federal courts do not have jurisdiction over motions to quash IRS summonses in the absence of some effort by the IRS to seek court enforcement of the summons.

Consistent with these holdings, we find that, on the facts before us, no force has been applied to Schulz and his request for action is premature. The decision of the District Court dismissing Schulz's motions for want of subject matter jurisdiction is AFFIRMED.[1]

---

**1.** This opinion has been circulated to the active members of this Court prior to filing.