**Donald L. JACKSON, Sr.,
Plaintiff–Appellant,**

v.

**SECRETARY OF THE UNITED STATES TREASURY, Rochester City Court, Defendants,**

Heritage Park Properties Madison Theatre, L.L.C., Defendant–Appellee.

Docket No. 04–6423–CV.

United States Court of Appeals, Second Circuit.

June 29, 2005.

Donald L. Jackson, Rochester, New York, for Appellant, pro se.

Lawrence J. Andolina, Trevett, Lenweaver & Salzer, P.C., Rochester, New York, for Appellee.

Present: NEWMAN, WINTER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 29th day of June, Two thousand and five.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the United States District Court for the Western District of New York is AFFIRMED.

Donald Jackson, *pro se,* appeals from the judgment of the United States District Court for the Western District of New York (Larimer, J.) dismissing his claims against the Secretary of the United States Treasury, Rochester City Court, and Heritage Park Properties Madison Theatre, L.L.C. ("Heritage Park"). Heritage Park, in turn, requests sanctions against Jackson for filing the instant appeal. We presume familiarity by the parties with the factual and procedural background of this case.

■ First, Jackson asserts that the tax exempt status of the Catholic church violates his constitutional right to freedom of religion. Jackson raised this claim in his initial complaint. In its order dismissing the original complaint and directing Jackson to file an amended complaint, the district court advised Jackson that "an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it 'renders [any prior complaint] of no legal effect.'" Because Jackson did not challenge the tax exemption in his amended complaint, the district court did not consider it. Thus, Jackson's tax exempt claim is not properly before this Court. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.").

■ Second, we agree with the district court that Jackson lacked standing to challenge Heritage Park's alleged unauthorized practice of law. Jackson failed to demonstrate any injury stemming from Heritage Park's alleged unauthorized practice of law. *See Schulz v. I.R.S.,* 395 F.3d 463, 464 (2d Cir.2005) (per curiam) ("To demonstrate the standing necessary to invoke the jurisdiction of the federal courts [plaintiff] must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." (internal quotation marks and citation omitted)). Because Jackson lacks standing, we have no subject matter jurisdiction over this claim. *See In re United States Catholic Conference,* 885 F.2d 1020, 1023 (2d Cir. 1989).

■ Third, the district court granted summary judgment to Heritage Park on Jackson's claims of age and race discrimination on collateral estoppel grounds, holding that Jackson had already received an opportunity (in a prior eviction proceeding in Rochester City Court) to litigate the issues on which his claims were based. This Court reviews *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams,* 193 F.3d 581, 593 (2d Cir.1999). We do not reach the question of whether the record was sufficient for the district court to determine that Jackson had received a fair opportunity to litigate the issues underlying his age and race discrimination claims in the prior proceeding because we affirm on the alternative ground that Jackson failed to produce any facts or evidence to refute Heritage Park's assertions in its motion for summary judgment. Through affidavits and various exhibits, Heritage Park established that no late fee was ever assessed against

Jackson and that, under the terms of the lease, it had the right not to renew the monthly lease with Jackson and to commence a holdover tenancy eviction proceeding when Jackson failed to vacate the premises. In his opposition papers, Jackson merely made conclusory and unsupported accusations against Heritage Park and did not offer any facts or evidence to raise a genuine issue of fact for trial regarding Heritage Park's allegedly discriminatory motives. *See Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 574 (2d Cir.2005) ("The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts, ... or defeat the motion through mere speculation or conjecture." (internal quotation marks and citation omitted)).

█ Finally, we deny Heritage Park's request for sanctions. While we have recognized that courts may impose restrictive measures on litigants "who have demonstrated an uncontrollable propensity repeatedly to pursue vexatious and harassing litigation," *In re Martin–Trigona,* 9 F.3d 226, 228 (2d Cir.1993), Jackson has not yet proven to be so litigious in this Court as to warrant the imposition of sanctions. He is notified, however, that the further filing of frivolous appeals, motions, petitions or other documents may result in the imposition of sanctions or other restrictive measures. *Cf. Sassower v. Sansverie,* 885 F.2d 9, 11 (2d Cir.1989) (per curiam).

For the foregoing reasons, the judgment of the district court is AFFIRMED and Heritage Park's request for sanctions is DENIED.