T.C. Memo. 2007-115

UNITED STATES TAX COURT

NICOLAS CHARLES KARKABE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14477-06.                    Filed May 3, 2007.

Nicolas Charles Karkabe, pro se.

<u>Shawna A. Early</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on respon-
dent's motion for judgment on the pleadings (respondent's mo-
tion).  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the
following.

Petitioner resided in Hudson, New York, at the time he filed the petition in this case.

Respondent issued to petitioner a notice of deficiency (notice) for his taxable year 2003. In that notice, respondent determined a deficiency of $2,550 in, and an accuracy-related penalty under section 6662(a)[1] of $510 on, petitioner's Federal income tax (tax) for that year.

The petition that petitioner filed commencing the instant proceeding stated the following as grounds for his disagreement with the notice that respondent issued for his taxable year 2003:

> Schulz vs. IRS (No. 04-0196-CV) clearly demonstrates that lacking a federal court order, I have no obligation to surrender documents or comply with any IRS correspondence and can not be held in contempt, arrested, detained, or otherwise punished
> I am currently a plaintiff USDC case# 04CV01211 We The People v U.S. Government (currently under US court of appeals in D.C. case 055395) and consider This deficiency notice harassment. Lastly the 1040 form in question does <u>not</u> display a valid control # assigned by the Office of Management & Budget in accordance with the Paperwork Reduction Act (PRA) making it a bootleg form and illegal [Reproduced literally.]

On February 6, 2007, the Court issued an Order (Court's February 6, 2007 Order) directing petitioner to file a response to respondent's motion. In that Order, the Court also found that the petition contained statements, contentions, and arguments that are frivolous and groundless.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner filed a response to respondent's motion (petitioner's response) in which petitioner stated in pertinent part:

1.  Petitioner has moved into negotiations for settlement through the IRS appeals office * * *

2.  Petitioner is currently collecting information and documents to form a settlement and believes that it will be possible to resolve the case without the necessity of a trial.

      *      *      *      *      *      *      *

4.  Petitioner requests the court grant time for the disputing parties to come to an agreement by staying the motion for judgment on the pleadings by an amount of time deemed appropriate by the court.

Respondent filed a reply to petitioner's response in which respondent stated in pertinent part:

5.  On March 1, 2007, respondent's counsel contacted appeals office to determine the status of this case which is currently under appeals jurisdiction.

6.  The appeals officer assigned to this case indicated that he spoke with petitioner regarding the issues in this case on March 1, 2007. Petitioner does not contest that he received wage income in the amount of $34,104.00 from California Food Plan, Inc., however he now alleges that he is entitled to a Schedule A deduction for unreimbursed employee expenses.

7.  Petitioner further indicated that he would provide a memorandum outlining his claimed expenses to respondent's appeals office during the week of March 5, 2007.

8.  On March 8, 2007, respondent's appeals officer informed the undersigned that petitioner has not provided any information and/or documentary evidence to support his alleged Schedule A deduction for unreimbursed employee expenses in taxable year 2003. [Reproduced literally.]

## Discussion

The Court may grant judgment on the pleadings where the pleadings do not raise a genuine issue of material fact and a decision may be rendered as a matter of law. Rule 120(a); Nis Family Trust v. Commissioner, 115 T.C. 523, 537 (2000). "A judgment on the pleadings is a judgment based solely on the allegations and information contained in the pleadings and not on any outside matters. See Rule 120(a) and (b)". Nis Family Trust v. Commissioner, supra at 537.

Rule 34(b) provides in pertinent part that a petition with respect to a notice of deficiency is to contain:

> (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency * * * Any issue not raised in the as- signments of error shall be deemed to be conceded. * * *

> (5) Clear and concise lettered statements of the facts on which the petitioner bases the assignments of error * * *

The petition in the instant case does not contain (1) a clear and concise statement of the errors allegedly committed by respondent in determining the deficiency in, and the accuracy- related penalty under section 6662(a) on, petitioner's tax for his taxable year 2003 and (2) a clear and concise statement of the facts that form the basis of petitioner's assignment of alleged error. We find that the petition does not comply with the Tax Court Rules of Practice and Procedure as to the form and

content of a petition.  We further find that, pursuant to Rule 34(b)(4), petitioner has conceded the determinations that respondent made in the notice for his taxable year 2003.  We also conclude that the petition and the answer do not raise any genuine issues of material fact.

We found in the Court's February 6, 2007 Order that the petition contained statements, contentions, and arguments that are frivolous and groundless.  "A petition that makes only frivolous and groundless arguments makes no justiciable claim, and it is properly subject to a motion for judgment on the pleadings".  Nis Family Trust v. Commissioner, supra at 539; cf. Funk v. Commissioner, 123 T.C. 213 (2004).  We find that the statements, contentions, and arguments in the petition state no justiciable basis upon which relief may be granted.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), we consider sua sponte whether the Court should impose a penalty on petitioner under that section.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay a penalty to the United States in an amount not to exceed $25,000 whenever it appears that a taxpayer instituted or maintained a proceeding in the Court primarily for delay or that a taxpayer's position in such a proceeding is frivolous or groundless.

As discussed above, we found in the Court's February 6, 2007 Order that the petition contained statements, contentions, and arguments that are frivolous and groundless. Although we shall not impose a penalty under section 6673(a)(1) on petitioner in the instant case, we caution him that he may be subject to such a penalty if in the future he institutes or maintains a proceeding in this Court primarily for delay and/or his position in any such proceeding is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979).

We have considered all of petitioner's statements, contentions, and arguments that are not discussed herein, and, to the extent we have not found them to be frivolous and groundless, we find them to be without merit and/or irrelevant.

To reflect the foregoing,

An order granting respondent's motion and decision for respondent will be entered.