**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Louis NAVARRO, Defendant–**
**Appellant.**

No. 07–2711–cv.

United States Court of Appeals,
Second Circuit.

Dec. 17, 2008.

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that the final order of the District Court is **AFFIRMED.**

Louis Navarro, pro se.

John Schumann, (Richard T. Morrison, Assistant Attorney General, on the brief, Glenn T. Suddaby, United States Attorney, Steven W. Parks, of counsel), Department of Justice, Tax Division, Washington, D.C., for Plaintiff–Appellee.

PRESENT: WILFRED FEINBERG, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

**SUMMARY ORDER**

Defendant Louis Navarro appeals *pro se* from a June 4, 2007 order of the District Court, granting the government's petition to enforce an Internal Revenue Service ("IRS") summons. We assume the parties' familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.

On March 30, 2006, the IRS issued an administrative summons to Navarro and his wife[1] to obtain information related to his taxable income for 2001 through 2005. *See* ROA doc. 1, Ex. 1. Navarro failed to comply with the summons, and on January 19, 2007, the government filed a petition to enforce the summons in the District Court. *See* ROA doc. 1. In an attached declaration, IRS Revenue Officer Terry H. Cox stated that he was conducting an investigation into Navarro's tax liability, and that he had issued the summons to Navarro to give testimony and to produce books, papers, records, or other data not in possession of the IRS for examination. *See* ROA doc. 1, Ex. 1. On January 22, 20007, the District Court entered an order, which was then amended on February 15, 2007, directing Navarro to show cause why he should not be compelled to comply with the summons. *See* ROA doc. 3, 4. Navarro responded to the order by filing a motion to dismiss the petition, in which he argued that the summons violated his Fifth Amendment right against self-incrimination, as well as a motion to quash the summons, in which he argued, *inter alia*, that the summons was "not issued in good faith." ROA doc. 6, 7. On June 4, 2007, following a hearing, the District Court entered an order granting the government's petition. *See* ROA doc. 21.

1. Navarro's wife filed an appeal from the District Court's order, which she then withdrew. *See* U.S.C.A. Dkt. Sht. (No. 07–2711-cv) at 9/14/2007 Entry (Order).

On appeal, Navarro argues that the District Court erred by (1) presuming that he is a "taxpayer"; (2) not allowing him to represent his wife at the hearing as there is no evidence that the Constitution meant for the term "counsel" to apply only to licensed attorneys; (3) presuming that 26 U.S.C. § 7602 is applicable to the investigation of income tax matters; (4) presuming that "there was both law and authoritative or legislative regulation" that made him, an "American[ ] working in the private sector of the American economy, subject to some unstated 'income tax' matters"; (5) failing to answer questions that Navarro put forth to the District Court during the hearing; (6) claiming to be an Article III Court, when the District Court is, according to Navarro, truly an Article IV Court without jurisdiction in this matter; and (7) not making any findings of fact or conclusions of law to deny Navarro's motions. *See* Appellant Br. at 8–9. Furthermore, Navarro asserts that "no evidence was produced" to prove that the government has standing to bring this suit, nor that the IRS is an established agency of the government. *Id.* at 9.

When reviewing an order enforcing an IRS summons, we review the District Court's factual findings for clear error and its conclusions of law *de novo. See Mollison v. United States*, 481 F.3d 119, 122 (2d Cir.2007) (per curiam).

The IRS has authority to issue summonses to ascertain the liability "of any person for any internal revenue tax" and to "examine any books, papers, records, or other data which may be relevant or material to such inquiry." 26 U.S.C. § 7602. However, "IRS summonses have no force or effect unless the [IRS] seeks to enforce them through a [26 U.S.C.] § 7604 proceeding." *Schulz v. Internal Revenue Serv.*, 395 F.3d 463, 464 (2d Cir.2005) (per curiam).

For a District Court to enforce a summons, the IRS must demonstrate that: (1) the summons was issued for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the information is not already in the IRS's possession; and (4) the administrative procedures required by the Internal Revenue Code for issuance and service have been followed. *See United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). It is well established that an affidavit from a government official, attesting that each of the *Powell* requirements has been met, is sufficient to establish a *prima facie* case. *See, e.g., Mollison*, 481 F.3d at 123 (internal citations and quotations omitted). Once the *prima facie* case is established, "the burden shifts to the taxpayer to disprove one of the four *Powell* criteria, or to demonstrate that judicial enforcement would be an abuse of the court's process." *Id.* at 122.

In the present case, IRS Revenue Officer Cox's declaration accompanying the petition established a *prima facie* case for the issuance of the summons. In response, Navarro has offered no evidence to show that the summons was not issued for a legitimate purpose, or that any of the other *Powell* factors have not been met, or that enforcing the summons would be an abuse of the District Court's process. Accordingly, he has failed to meet his burden.

Navarro's remaining claims are wholly frivolous, and he provides no valid authority for his contentions and has identified no errors of law or clearly erroneous findings of fact.

### CONCLUSION

We reject all of defendant's claims on appeal. Accordingly, the June 4, 2007 fi-

nal order of the District Court is **AF-FIRMED.**

