**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-5064**

─────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BARRY G. LUSK,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   Henry F. Floyd, District Judge.
(8:08-cr-01218-HFF-1)

─────────

Submitted:  September 7, 2010      Decided:  September 24, 2010

─────────

Before WILKINSON, NIEMEYER, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

J. Bradley Bennett, SALVINI & BENNETT, LLC, Greenville, South
Carolina, for Appellant.   William N. Nettles, United States
Attorney, William C. Lucius, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry G. Lusk appeals his conviction and thirty-three month sentence on one count of attempted tax evasion in violation of 26 U.S.C. § 7201 (2006). Lusk argues that: (1) the district court lacked jurisdiction to try him;[1] (2) the Government did not put forth evidence sufficient to sustain a conviction; (3) the district court erred in admitting evidence of an airplane purchase on cross-examination of his wife; and (4) his sentence was procedurally unreasonable. For the reasons that follow, we affirm.

## I. Jurisdiction

Counsel first questions whether the district court had jurisdiction over this criminal matter in light of Shultz v. I.R.S., 395 F.3d 297 (2d Cir. 2005). Congress has provided that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231. Lusk was charged with a violation of 26 U.S.C. § 7201, which makes it a crime against the United States to "attempt[] in any manner to evade or defeat any tax imposed by this

---

[1] Counsel notes that in his opinion, this claim is without merit. Accordingly, he makes the argument pursuant to Anders v. California, 386 U.S. 764 (1967).

2

title[.]"  The Shultz case, cited by Lusk in his pro se supplemental brief, deals exclusively with the enforceability of an administrative summons.  Accordingly, Lusk's jurisdictional claim is entirely without merit.

## II.  Sufficiency of the Evidence

Lusk next argues that the Government failed to prove that he acted willfully when he failed to file his tax return and improperly requested refunds from the I.R.S.  Specifically, he claims that he relied in good faith on the advice of one Chad Prater, a purported tax expert, who improperly advised him that he need not file taxes, among other reasons, because the I.R.S. lacks legal authority to tax personal income, and because he (Lusk) is not a citizen of the United States.[2]

"A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).  We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d

---

[2] Prater has been enjoined from offering tax advice to U.S. citizens.

3

515, 519 (4th Cir. 2005). We will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. Foster, 507 F.3d at 244-45. We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. Id. at 245.

In order to establish a violation of 26 U.S.C. § 7201, the Government must prove the defendant acted willfully and committed an affirmative act that constituted an attempted evasion of tax payments and, as a result, a substantial tax deficiency existed. United States v. Wilson, 118 F.3d 228, 236 (4th Cir. 1997). Willfulness, in this context, means a voluntary, intentional violation of a known legal duty. See Cheek v. United States, 498 U.S. 192, 201 (1991). A belief, in good faith, that one has complied with the tax laws negates willfulness and is therefore a defense, even if the belief is unreasonable. In other words, the Government must demonstrate that Lusk did not have a subjective belief, however irrational or unreasonable, that the income tax system did not apply to him. Id. at 201-02.

Both Lusk and the Government adduced evidence bearing on Lusk's subjective belief. While Lusk testified that he "completely believed" in Prater's methodology for "avoiding" taxes, the jury had ample evidence before it to conclude, based

4

on the credibility of the witnesses (including Lusk) that Lusk was not acting in good faith reliance on Prater's advice. We decline to invade this realm of fact-finding left to the jury.

III. Admission of Evidence of an Airplane Purchase

During its case-in-chief, the Government sought to introduce evidence that Lusk purchased a $180,000 airplane in 2000, the year for which he filed no tax return. The Government argued that in order to purchase the plane, Lusk had completed a form that stated he was a U.S. citizen, contrary to his representations to the I.R.S. The district court excluded the evidence as unduly prejudicial when Lusk agreed to stipulate that he signed a non-I.R.S. document indicating that he was a U.S. citizen.

During the defense case, Lusk's wife, Kelly Lusk, testified that, among other things, she and her husband had incentives to be good financial stewards, that they were interested in making sound investments, and that their money went primarily to care for their special needs child. The district court allowed the Government to cross-examine Kelly Lusk regarding the purchase of the airplane, finding that her testimony on direct examination opened the door for such an inquiry.

5

We review the district court's admission of evidence for an abuse of discretion, "which we will not find unless the decision was arbitrary and irrational." United States v. Blake, 571 F.3d 331, 346 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1104 (2010). "Evidentiary rulings are . . . subject to harmless error analysis." United States v. Roe, 606 F.3d 180, 185 (4th Cir. 2010).

Lusk argues that pursuant to Fed. R. Evid. 403, evidence of the airplane's purchase did little more than inflame the jury, and should have been excluded as highly prejudicial. Assuming, though, that the district court properly excluded the evidence in the Government's case-in-chief, we conclude it was properly admitted to impeach Kelly Lusk in light of her testimony regarding the couple's financial prudence and goals. Cf. United States v. Havens, 446 U.S. 620, 627-28 (1980) ("a defendant's statements made in response to proper cross-examination reasonably suggested by the defendant's direct examination are subject to otherwise proper impeachment by the government, albeit by evidence that has been illegally obtained and that is inadmissible on the government's direct case, or otherwise, as substantive evidence of guilt.").[3]

_____

[3] While the witness here was not the defendant as was the case in Havens, we conclude that Havens's rationale applies with equal force in the present context.

## IV.  Reasonableness of Sentence

Finally, Lusk argues that his sentence was procedurally unreasonable as a result of two errors made by the district court in calculating his advisory Guideline range.  He contends the court erred in attributing to him a loss amount of between $200,000 and $400,000, and that the court erred in subjecting him to a two-level enhancement for obstructing justice pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1(2006).

A sentence is reviewed for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  This review requires consideration of both the procedural and substantive reasonableness of a sentence.  Id.; see United States v. Lynn, 592 F.3d at 572, 575 (4th Cir. 2010).  After determining whether the district court properly calculated the defendant's advisory Guideline range, this court must decide whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence.  Lynn, 592 F.3d at 575-76; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review").  Properly

7

preserved claims of procedural error are subject to harmless error review. Lynn, 592 F.3d at 576.

For the purpose of calculating the amount of loss in a tax evasion case, the Guidelines define tax loss as the total amount of loss that was the object of the offense. USSG § 2T1.1(c)(1). We have defined the object of the offense in a tax evasion case as "the loss that would have resulted had a defendant been successful in his scheme to evade payment of tax." United States v. Delfino, 510 F.3d 468, 472 (4th Cir. 2007), cert. denied, 129 S. Ct. 41 (2008). At trial, the Government adduced evidence that Lusk failed to pay taxes for the year 2000 totaling over $180,000. The Government also introduced evidence that Lusk attempted to improperly obtain tax refunds for 1998 and 1999 totaling over $90,000. In light of this evidence, we conclude that the district court did not err in calculating the amount of loss attributable to Lusk.

Lusk next argues that the court erred in applying a USSG § 3C1.1 enhancement to his offense level for obstructing justice. Under USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if:

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction[.]

8

USSG § 3C1.1. The application notes for § 3C1.1 specifically include the commission of perjury by defendant. USSG § 3C1.1 cmt. n.4(b). For purposes of § 3C1.1, the Supreme Court has defined perjury in the following manner: "[a] witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Where "a defendant objects to a sentence enhancement resulting from h[is] trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition we have set out." Id. at 95.

Here, the district court did not err in applying an obstruction enhancement to Lusk's offense level. Lusk unequivocally testified that he believed in good faith that his actions were lawful. In light of the jury instructions, to find Lusk guilty, the jury necessarily found Lusk's testimony incredible. Accordingly, the court did not err in finding that Lusk committed perjury.

Finally, because counsel submitted one issue to the court in an Anders format, Lusk was given the opportunity to submit a pro se supplemental brief. In that brief he again

9

asserts that the district court lacked jurisdiction over his trial, and makes myriad arguments that he is not subject to income taxation. We have reviewed these claims and find them totally without merit.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>